UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KERSEE K. ANDERSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-811 PPS |
| | ) | |
| SHERIFF JOHN BOYD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Kersee K. Anderson, a prisoner without a lawyer, filed a complaint against Sheriff John Boyd and the staff at the LaPorte County Jail. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Anderson alleges that the defendants violated his First Amendment right of access to the courts by denying him access to the law library. Inmates have a First Amendment right of access to the courts, but there is no "abstract free-standing right"

to a law library or to legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). The complaint does not describe a potentially meritorious legal claim. Anderson thus does not state a claim of interference with the right of access to the courts.

Nevertheless, I will give Anderson an opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, merely because he is permitted to file an amended complaint is not a reason for him to do so. Anderson should file an amended complaint only if he believes that he can identify a potentially meritorious legal claim and explain how a lack of access to the law library prejudiced his ability to pursue that claim.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form and send it to the plaintiff;

(2) GRANTS Kersee K. Anderson until April 5, 2018, to file an amended complaint; and

(3) CAUTIONS Kersee K. Anderson that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim.

SO ORDERED on March 7, 2018.

/s/ Philip P. Simon  
Judge  
United States District Court